# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Morgan Muehlhausen, et al., | No. CV-22-01747-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Allstate Fire and Casualty Insurance Company, | |
| Defendant. | |

Pursuant to the mandate of the Differentiated Case Management system set forth in Rule 16.2 of the Rules of Practice of the United States District Court for the District of Arizona [hereinafter the "Local Rules"], this action is designated a **STANDARD TRACK** case.  Accordingly,

**IT IS ORDERED** that Plaintiff must file a notice within 7 days of any Defendant answering (or, in a removed case, within 7 days of removal if any Defendant answered prior to removal) that the parties are ready for a Rule 16 scheduling conference.  The Court will issue an order setting a Rule 16 conference.

**IT IS FURTHER ORDERED** that full compliance with Rule 26(f) and the Court's order setting a Rule 16 conference is expected prior to the date of the Rule 16 Conference.

**IT IS FURTHER ORDERED** that full compliance with Federal Rule of Civil Procedure 7.1 (filing of a Corporate Disclosure Statement) is required by plaintiff(s) and defendant(s), if applicable.  A Corporate Disclosure Statement form is available under Operations and Filings, Forms on the district court website at www.azd.uscourts.gov.

**THE PARTIES ARE CAUTIONED that it is the practice of this Court to not extend the Dispositive Motion Deadline beyond the two-year anniversary of the case being filed in or removed to Federal Court, nor to allow the Discovery Cut-Off to extend beyond 30 days before the Dispositive Motion Deadline.** Accordingly, delays in effectuating service of process, the filing of or pendency of motions, settlement discussions or mediation, etc., will not be considered as justification to exceed the above-referenced two-year deadline.  Furthermore, it is the practice of this Court to wait until after dispositive motions are resolved to set the trial date.  For this reason the Court will set deadlines at the Rule 16 Scheduling Conference for filing motions to amend the pleadings.  The parties are admonished that "there is no trial date set" will not be an excuse for late motions to amend the pleadings, failing to complete discovery, or other requests for extensions of deadlines

**THE PARTIES ARE FURTHER CAUTIONED** that, pursuant to Local Rule of Civil Procedure 7.2(i), their failure to serve and file the required responsive memorandum to a motion **"may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily."**

Dated this 25th day of October, 2022.

James A. Teilborg
Senior United States District Judge