Monica R. Thompson (031575)
DENTONS US LLP
2398 E Camelback Road
Suite 850
Phoenix, AZ 85016-9007
602-508-3968
monica.thompson@dentons.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Morgan Muehlhausen, an individual, Berenice Gaytan, an individual, Russell Wood, an individual, on behalf of themselves and all others similarly situated,, <br><br> Plaintiffs, <br> v. <br><br> Allstate Fire and Casualty Insurance Company, an Illinois Corporation, <br><br> Defendant. | Case No. 2:22-cv-01747-JAT <br><br> **NOTICE OF STATUS OF** *Franklin v. CSAA* |

Pursuant to this Court's stay order, entered on December 1, 2022 (ECF 14), the Parties hereby give notice of the status of the Arizona Supreme Court's review of the certified questions in *Franklin v. CSAA Gen. Ins. Co.,* No. CV-22-0266-CQ (Ariz.). The Arizona Supreme Court, having accepted the questions for review, issued its ruling on July 28, 2023, a copy of which is attached hereto.

**Plaintiffs' Separate Statement**:

The Arizona Supreme Court agreed with the plaintiff's position and rejected the position of the insurance defendant (as well as several insurance industry amici) regarding both certified questions, holding that where an Arizona auto policy covers multiple

1

vehicles, multiple UM/UIM coverages exist for each vehicle under Arizona's Uninsured/Underinsured Motorist Act (UMA), A.R.S. § 20-259.01(H), and thus insurers "must comply with the statute's requirements in order to prevent insureds from intra-policy stacking." (Slip Op. at 14.) The ruling confirms that where an insurer fails to comply with the requirements of the UMA, as Plaintiffs allege Allstate did in this case, the insured may stack (i.e., aggregate) the limit of UM/UIM coverage that exists for each vehicle under a single policy to determine the total UM/UIM benefits available to the insured.

So ruling, the Supreme Court rejected the insurer's suggestion that subsection (B) "imposed a cap on total UIM coverage receivable." (Slip. Op. at 13.) As the Court explained, "Subsection (B) is silent concerning stacking. Instead, it codifies requirements pertaining to the offer and purchase of UIM coverage, but does not restrict what an insurer may be obligated to pay out pursuant to a claim." (Slip. Op. at 14.) Imposing such a cap would be nonsensical because it would render the anti-stacking provision of the UMA superfluous; "stacked UIM coverages would almost always exceed the policy's bodily injury or death limits." (Slip. Op. at 13.)

The Court's resolution of the certified questions closely aligns with this Court's prior decision in *Heaton v. Metropolitan Group Property & Casualty Insurance Co.*, CV-21-00442-PHX-SRB, 2021 WL 6805629 (D. Ariz. Oct. 19, 2021) (Bolton, J.). And the Supreme Court's decision is binding on this Court as to the interpretation of the governing state statute, the UMA. *Commissioner v. Estate of Bosch*, 387 U.S. 456, 463 (1967).

In this action, Plaintiffs have alleged that Allstate failed to comply with the UMA because it did not include statutorily required language in its policy advising class members of their right to select which UM/UIM coverage applies, nor did it advise them of their right to do so by letter—the same violations alleged to have occurred in *Franklin*. (Dkt. # 1, Compl. ¶ 4.) Having failed to meet either of these express requirements of

A.R.S. § 20-259.01(H), Allstate is required to stack UM/UIM coverages for the vehicles insured under the policies covering Plaintiffs and all similarly situated insureds. Plaintiffs now intend to proceed with this action to pursue all available and appropriate relief on behalf of themselves and the putative class members who were underpaid as a result of Defendant Allstate's erroneous and unlawful refusal to stack UM/UIM coverages.

**Defendant's Separate Statement:**

Defendant objects to Plaintiffs' position statement as the stay order in this case did not provide for such information. Suffice it to say Defendant disagrees with Plaintiffs' legal argument and submits that numerous issues remain to be decided in this case that were not decided in *Franklin*. Defendant intends to litigate all of those issues fully.

Additionally, the parties have agreed that Defendant's responsive pleading in this matter, which had previously been stayed, will be due on or before August 21, 2023, and the parties respectfully request the Court's concurrence in that date.

Dated:  August 4, 2023                    Respectfully submitted,

**DENTONS US LLP**

By: */s/ Monica R. Thompson*
         Monica R. Thompson

*Attorneys for Defendant*

**HAGENS BERMAN SOBOL SHAPIRO LLP – PHOENIX**

By: */s/ Robert B. Carey (with permission)*
         Robert B. Carey
         John Michael DeStefano, III

*Attorneys for Plaintiffs*