Monica R. Thompson (031575)
DENTONS US LLP
2398 E Camelback Road
Suite 850
Phoenix, AZ 85016-9007
602-508-3968
monica.thompson@dentons.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Morgan Muehlhausen, an individual, Berenice Gaytan, an individual, Russell Wood, an individual, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br>     v.<br><br>Allstate Fire and Casualty Insurance Company, an Illinois Corporation,<br><br>          Defendant. | Case No. 2:22-cv-01747-JAT<br><br>**DEFENDANT'S ANSWER** |

Defendant, Allstate Fire and Casualty Insurance Company ("Defendant"), hereby answers Plaintiffs' Complaint. Defendant denies all allegations not specifically admitted herein. The paragraph numbers used herein correspond to those in Plaintiffs' Complaint.

## I.    INTRODUCTION.

1.    Defendant states that the Arizona law referenced in Paragraph 1 speaks for itself as to its contents, and denies any allegations of Paragraph 1 inconsistent therewith. Defendant further specifically denies the last sentence of Paragraph 1.

1

2.      Defendant states that the Arizona law referenced in Paragraph 2 speaks for itself as to its contents, and denies any allegations of Paragraph 2 inconsistent therewith.

3.      Defendant states that the Arizona law referenced in Paragraph 3 speaks for itself as to its contents, and denies any allegations of Paragraph 3 inconsistent therewith.

4.      Defendant denies the allegations of Paragraph 4.

5.      Defendant admits that Plaintiffs purport to bring the sort of action described in Paragraph 5, but denies that Plaintiffs are entitled to any of the relief they seek.

## II.    PARTIES

6.      Defendant admits the allegations of Paragraph 6.

7.      Defendant admits the allegations of Paragraph 7.

8.      Defendant admits the allegations of Paragraph 8.

9.      Defendant admits the allegations of Paragraph 9.

## III.    JURISDICTION AND VENUE

10.    Defendant admits the allegations of Paragraph 10.

11.    Defendant admits the allegations of Paragraph 11.

12.    Defendants admits that Plaintiffs purport to characterize their allegations as they have described in Paragraph 12, but denies that Plaintiffs' characterization is correct and denies all remaining allegations of Paragraph 12.

## IV.    GENERAL ALLEGATIONS AS TO ARIZONA LAW

13.    Defendant states that the Arizona law referenced in Paragraph 13 speaks for itself as to its contents, and denies any allegations of Paragraph 13 inconsistent therewith.

2

14.    Defendant states that the Arizona law referenced in Paragraph 14 speaks for itself as to its contents, and denies any allegations of Paragraph 14 inconsistent therewith.

15.    Defendant states that the Arizona law referenced in Paragraph 15 speaks for itself as to its contents, and denies any allegations of Paragraph 15 inconsistent therewith.

16.    Defendant states that the Arizona law referenced in Paragraph 16 speaks for itself as to its contents, and denies any allegations of Paragraph 16 inconsistent therewith.

17.    Defendant states that the Arizona law referenced in Paragraph 17 speaks for itself as to its contents, and denies any allegations of Paragraph 17 inconsistent therewith.

18.    Defendant states that the Arizona law referenced in Paragraph 18 speaks for itself as to its contents, and denies any allegations of Paragraph 18 inconsistent therewith.

19.    Defendant states that the Arizona law referenced in Paragraph 19 speaks for itself as to its contents, and denies any allegations of Paragraph 19 inconsistent therewith.

20.    Defendant states that the Arizona law referenced in Paragraph 20 speaks for itself as to its contents, and denies any allegations of Paragraph 20 inconsistent therewith.

21.    Defendant states that the Arizona law referenced in Paragraph 21 speaks for itself as to its contents, and denies any allegations of Paragraph 21 inconsistent therewith.

**V.    ALLSTATE FIRE IMPROPERLY REFUSES TO DISCLOSE AND STACK PLAINTIFFS' COVERAGE.**

**A.  Plaintiff Muehlhausen**

22.    Defendant admits the allegations of Paragraph 22.

23.    Defendant admits the allegations of Paragraph 23.

24.    Defendant admits the allegations of Paragraph 24.

25.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 25, and therefore denies the same.

26.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 26, and therefore denies the same.

27.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 27, and therefore denies the same.

28.    Defendant admits the allegations of Paragraph 28.

29.    Defendant admits the allegations of Paragraph 29.

30.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 30, and therefore denies the same.

31.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 31, and therefore denies the same.

32.    Defendant admits the allegations of Paragraph 32.

33.    Defendant is without knowledge sufficient to admit or deny the allegations of Paragraph 33, and therefore denies the same.

34.    Defendant states that the Arizona law referenced in Paragraph 34 speaks for itself as to its contents, and denies any allegations of Paragraph 34 inconsistent therewith..

35.    Defendant admits the allegations of Paragraph 35.

36.    Defendant states that the Arizona law referenced in Paragraph 36 speaks for itself as to its contents, and denies any allegations of Paragraph 36 inconsistent therewith.

4

As to the last sentence in Paragraph 36, Defendant is without sufficient knowledge to admit or deny this allegation, and therefore denies the same.

37.    Defendant states that the policy documents referenced in Paragraph 37 speak for themselves as to their contents and denies any allegations of Paragraph 37 inconsistent therewith, and is without sufficient information to admit or deny the remaining allegations of Paragraph 37, and therefore denies the same.

38.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 38, and therefore denies the same.

39.    Defendant states that the policy documents referenced in Paragraph 39 speak for themselves as to their contents, and denies any allegations of Paragraph 39 inconsistent therewith.

40.    Defendant states that the correspondence referenced in Paragraph 40 speaks for itself as to its contents, and denies any allegations of Paragraph 40 inconsistent therewith.

41.    Defendant states that the correspondence referenced in Paragraph 41 speaks for itself as to its contents, and denies any allegations of Paragraph 41 inconsistent therewith.

42.    Defendant denies the allegations of Paragraph 42.

43.    Defendant states that the correspondence referenced in Paragraph 43 speaks for itself as to its contents, and denies any allegations of Paragraph 43 inconsistent therewith.

5

44.    Defendant states that the correspondence referenced in Paragraph 44 speaks for itself as to its contents, and denies any allegations of Paragraph 44 inconsistent therewith.  Defendant further specifically denies the allegation that it did not send the sort of letter referenced in Paragraph 44 within 30 days of notice of the subject accident.

45.    Defendant denies the allegations of Paragraph 45 given that such notice had been given here within 30 days of first notice of the subject loss.

46.    Defendant states that the correspondence referenced in Paragraph 46 speaks for itself as to its contents, and denies any allegations of Paragraph 46 inconsistent therewith.

47.    Defendant states that the correspondence referenced in Paragraph 47 speaks for itself as to its contents, and denies any allegations of Paragraph 47 inconsistent therewith.

48.    Defendant states that the correspondence referenced in Paragraph 48 speaks for itself as to its contents, and denies any allegations of Paragraph 48 inconsistent therewith.

**B.  Plaintiff Gaytan**

49.    Defendant admits the allegations of Paragraph 49.

50.    Defendant admits the allegations of Paragraph 50.

51.    Defendant admits the allegations of Paragraph 51.

52.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 52, and therefore denies the same.

53.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 53, and therefore denies the same.

6

54.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 54, and therefore denies the same.

55.    Defendant admits the allegations of Paragraph 55.

56.    Defendant admits the allegations of Paragraph 56.

57.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 57, and therefore denies the same.

58.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 58, and therefore denies the same.

59.    Defendant admits the allegations of Paragraph 59.

60.    Defendant admits the allegations of Paragraph 60.

61.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 61, and therefore denies the same.

62.    Defendant states that the Arizona law referenced in Paragraph 62 speaks for itself as to its contents, and denies any allegations of Paragraph 62 inconsistent therewith.

63.    Defendant states that the policy documents referenced in Paragraph 63 speak for themselves as to their contents, and denies any allegations of Paragraph 63 inconsistent therewith, and is without sufficient information to admit or deny the remaining allegations of Paragraph 63, and therefore denies the same.

64.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 64, and therefore denies the same.

65.    Defendant states that the correspondence between the parties referenced in Paragraph 65 speaks for itself as to its contents, and denies any allegations of Paragraph 65 inconsistent therewith, and further states that there could have been no such option under the circumstances of this case, as one of the vehicles' um/uim coverage was suspended at the time of the relevant accident.

7

66.    Defendant denies the allegations of Paragraph 66.

67.    Defendant states that the correspondence referenced in Paragraph 67 speaks for itself as to its contents, and denies any allegations of Paragraph 66 inconsistent therewith.

**C.  Plaintiff Wood**

68.    Defendant admits the allegations of Paragraph 68.

69.    Defendant admits the allegations of Paragraph 69.

70.    Defendant admits the allegations of Paragraph 70.

71.    Defendant admits the allegations of Paragraph 71 about the ambulance transport but is without sufficient information to admit or deny the remaining allegations of Paragraph 71, and therefore denies the same.

72.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 72, and therefore denies the same.

73.    Defendant admits the allegations of Paragraph 73.

74.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 74, and therefore denies the same.

75.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 75, and therefore denies the same.

76.    Defendant admits the allegations of Paragraph 76.

77.    Defendant admits the allegations of Paragraph 77.

78.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 78, and therefore denies the same.

79.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 79 regarding the severity or Mr. Wood's injuries, and therefore

8

denies the same, and Defendant states that the law referenced in Paragraph 79 speaks for itself as to its contents, and Defendant denies any allegations of Paragraph 79 inconsistent therewith.

80.    Defendant states that the policy documents and release referenced in Paragraph 80 speak for themselves as to their contents, denies any allegations of Paragraph 80 inconsistent therewith, admits it paid $100,000 to Wood, and denies all remaining allegations of Paragraph 80.

81.    Defendant admits the allegations of Paragraph 81.

82.    Defendant states that the Arizona law referenced in Paragraph 82 speaks for itself as to its contents, and denies any allegations of Paragraph 82 inconsistent therewith.

83.    Defendant admits the allegations of the first two sentences of Paragraph 83.  As to the third sentence in Paragraph 83 Defendant admits only that it failed to pay Wood $15,000 in UIM benefits under this policy, and specifically denies that Defendant was aware of the existence of this policy at the time the claim was adjusted.

84.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 84, and therefore denies the same.

85.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 85, and therefore denies the same.

86.    Paragraph 86 constitutes a legal conclusion as to which no response is required.

87.    Defendant denies the allegations of Paragraph 87.

9

**D. Allstate Fire's policies and disclosures do not comply with A.R.S. § 20-259.01(H).**

88. Defendant states that the policy documents referenced in Paragraph 88 speak for themselves as to their contents, and denies any allegations of Paragraph 88 inconsistent therewith.

89. Defendant states that the policy documents referenced in Paragraph 89 speak for themselves as to their contents, and denies any allegations of Paragraph 89 inconsistent therewith.

90. Defendant denies the allegations of Paragraph 90, and specifically alleges that the relevant policy language is clear and unambiguous as required by the first prong of the two part test for validity of anti-stacking language announced by the Arizona Supreme Court in *Franklin v. CSAA*.

91. Defendant states that the policy documents referenced in Paragraph 91 speak for themselves as to their contents, and denies any allegations of Paragraph 91 inconsistent therewith.

92. Defendant denies the allegations of Paragraph 92.

93. Defendant denies the allegations of Paragraph 93.

94. Defendant states that the Arizona law referenced in Paragraph 94 speaks for itself as to its contents, and denies any allegations of Paragraph 94 inconsistent therewith.

95. Defendant denies the allegations of Paragraph 95.

96. Defendant denies the allegations of Paragraph 96.

97. Defendant denies the allegations of Paragraph 97.

98. Defendant denies the allegations of Paragraph 98.

99. Defendant admits the allegations of Paragraph 99.

100. Defendant denies the allegations of Paragraph 100.

101.    Defendant states that the documents referenced in Paragraph 101 speak for themselves as to their contents, and denies any allegations of Paragraph 101 inconsistent therewith.

102.    Defendant states that the documents referenced in Paragraph 102 speak for themselves as to their contents, and denies any allegations of Paragraph 102 inconsistent therewith.

103.    Defendant denies the allegations of Paragraph 103.

104.    Defendant denies the allegations of Paragraph 104.

105.    Defendant states that the website referenced in Paragraph 105 speaks for itself as to its contents, and denies any allegations of Paragraph 105 inconsistent therewith.

106.    Defendant admits it pays stacked UM or UIM limits in appropriate circumstances, but denies all remaining allegations of Paragraph 106.

107.    Defendant states that the website referenced in Paragraph 107 speaks for itself as to its contents, and denies any allegations of Paragraph 107 inconsistent therewith.

108.    Defendant denies the allegations of Paragraph 108.

109.    Defendant denies the allegations of Paragraph 109.

110.    Defendant denies the allegations of Paragraph 110.

111.    Defendant denies the allegations of Paragraph 111.

112.    Defendant denies the allegations of Paragraph 112.

113.    Defendant denies the allegations of Paragraph 113.

114.    Defendant denies the allegations of Paragraph 114.

115.    Defendant denies the allegations of Paragraph 115.

116.    Defendant denies the allegations of Paragraph 116.

117.    Defendant denies the allegations of Paragraph 117.

118.   Defendant denies the allegations of Paragraph 118.

## VI.   CLASS ACTION ALLEGATIONS

119.   Defendant admits that Plaintiffs purport to bring this case on behalf of a class, but denies all remaining allegations of Paragraph 119.

120.   Defendant admits that Plaintiffs purport to bring this case on behalf of a putative class as defined in Paragraph 120, but denies all allegations of Paragraph 120 that a class action is appropriate here or that a class may be certified in this matter.

121.   Defendant denies the allegations of Paragraph 121.

122.   Defendant denies the allegations of Paragraph 122 and all its subparts.

123.   Defendant denies the allegations of Paragraph 123.

124.   Defendant denies the allegations of Paragraph 124.

125.   Defendant denies the allegations of Paragraph 125.

126.   Defendant denies the allegations of Paragraph 126.

127.   Defendant denies the allegations of Paragraph 127.

128.   Defendant denies the allegations of Paragraph 128.

129.   Defendant denies the allegations of Paragraph 129.

130.   Defendant denies the allegations of Paragraph 130.

**FIRST CLAIM FOR RELIEF**
**(DECLARATORY JUDGMENT)**

131.   Defendant repeats and incorporates herein all of its responses to the foregoing paragraphs as its response to Paragraph 131.

132.   Defendant denies the allegations of Paragraph 132.

133.   Defendant denies the allegations of Paragraph 133

134.   Defendant denies the allegations of Paragraph 134.

## SECOND CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

135.   Defendant repeats and incorporates herein all of its responses to the foregoing paragraphs as its response to Paragraph 135.

136.   Defendant denies the allegations of Paragraph 136.

137.   Defendant denies the allegations of Paragraph 137.

138.   Defendant denies the allegations of Paragraph 138.

139.   Defendant denies the allegations of Paragraph 139.

## THIRD CLAIM FOR RELIEF
### (BAD FAITH AS TO THE CLASS)

140.   Defendant repeats and incorporates herein all of its responses to the foregoing paragraphs as its response to Paragraph 140.

141.   Defendant states that the policy documents and Arizona law referenced in Paragraph 141 speak for themselves as to their contents, and denies any allegations of Paragraph 141 inconsistent therewith.

142.   Defendant states that the Arizona law referenced in Paragraph 142 speaks for itself as to its contents, and denies any allegations of Paragraph 142 inconsistent therewith.

143.    Defendant states that the Arizona law referenced in Paragraph 143 speaks for itself as to its contents, and denies any allegations of Paragraph 143 inconsistent therewith.

144.   Defendant denies the allegations of Paragraph 144.

145.   Defendant denies the allegations of Paragraph 145.

146.   Defendant denies the allegations of Paragraph 146.

147.   Defendant denies the allegations of Paragraph 147.

148.   Defendant denies the allegations of Paragraph 148.

149.   Defendant denies the allegations of Paragraph 149.

13

## FOURTH CLAIM FOR RELIEF
### (INDIVIDUAL DAMAGES FOR BAD FAITH)

150. Defendant repeats and incorporates herein all of its responses to the foregoing paragraphs as its response to Paragraph 150.

151. Defendant denies the allegations of Paragraph 151

152. Defendant denies the allegations of Paragraph 152

153. Defendant denies the allegations of Paragraph 153

154. Defendant denies the allegations of Paragraph 154

155. Defendant denies the allegations of Paragraph 155.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs have any meritorious claim that would entitle them to relief. Accordingly, Defendant denies all the allegations of Plaintiffs' Prayer for Relief.

.

## ADDITIONAL DEFENSES

For its additional defenses, Defendant asserts as follows:

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted against Defendant.

2. Plaintiff Muehlhausen's claim is barred on the ground that Defendant notified Muehlhausen of the right to select one policy or coverage as required by Arizona law within the required time period.

3. Plaintiff Wood's claim is barred, in whole or in part, by the release he executed.

14

4.    Plaintiff Gaytan's claim is barred because UM/UIM coverage was, at the time of the relevant loss, suspended on one of the two vehicles insured under the relevant policy.

5.    The Complaint is barred, in whole or in part, to the extent that A.R.S. § 20-259.01(H) does not apply where only one policy is at issue and the insured would not have been able to purchase differing levels of um/uim limits for each vehicle insured under that single policy.

6.    Plaintiffs' bad faith claim is barred on the ground that Defendant at all times had a legitimate and reasonable basis for its coverage positions.

7.    Plaintiffs' claim for punitive damages is barred on the ground that Defendant did not act with the necessary "evil mind" required to recover such damages.

8.    The Complaint is barred, in whole or in part, to the extent that the alleged damages suffered by Plaintiffs, if any, were caused by Plaintiffs' own acts or omissions or failure to mitigate damages.

9.    The Complaint is barred to the extent it would unjustly enrich Plaintiffs, or give rise to a windfall of coverage which the insured could not have reasonably anticipated and for which the insured did not pay a premium.

10.    To the extent Plaintiffs seek punitive damages, they improperly seek punitive damages in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in one or more of the following respects; (1) the punitive damages claimed are or may be vastly disproportionate to any actual damages;

15

(2) the award of punitive damages would constitute an arbitrary and capricious taking of Defendant's property, a taking which is unjustified by any rational state purpose; and (3) the award of punitive damages would violate Defendant's substantive due process rights.

11. The imposition of punitive damages against the Defendant in an amount exceeding any actual and potential harm by an excessive and/or unconstitutional ratio violates Defendant's substantive due process rights as guaranteed by the United States Constitution.

12. Defendants deny that any of the prerequisites to a class action as set forth in the applicable class action rules have been pled or met herein.

13. Defendants reserve the right to challenge the standing of each putative class member.

14. Some or all of the putative class members' claims may be barred by the applicable statutes of limitations.

15. Plaintiffs' and some of the putative class members' claims are or may be barred by the doctrine of laches and/or time limitations on suit in the applicable insurance policies.

16. Any alleged benefits available to Plaintiffs and the putative class are expressly conditioned and limited by the terms, conditions, limits and provisions of the insurance policies at issue.

17. Some of the putative class members' claims may be barred by the execution of releases, as is Plaintiff Wood's claim.

16

18.     Some of the putative class members' claims may be barred by the doctrine of unclean hands.

19.     Some of the putative class members' claims  may be barred by the doctrines of waiver and estoppel.

Dated: August 21, 2023                    Respectfully submitted,


By: */s/ Monica R. Thompson*
Monica R. Thompson
DENTONS US LLP
2398 E Camelback Road
Suite 850
Phoenix, AZ 85016-9007
602-508-3968
monica.thompson@dentons.com

*Attorneys for Defendant*

17